IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DIAMOND LANEIL BARNES, #S11728, | ) ) ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 19-cv-00635-SMY ) |
| JOHN BALDWIN, | ) ) ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Diamond Barnes, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Lawrence Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. Barnes is challenging the disposition of his grievance by the Administrative Review Board in which he alleged his innocence and requested immediate release from custody and the modification of the "custodial contract" embodied in the mittimus. (Doc. 1, pp. 1, 5). He asserts that while in unlawful custody, he has suffered loss of liberty and loss of income in the amount of eight hundred twenty thousand dollars. *Id.* at p. 8.

This matter is now before the Court for review of the Petition pursuant to Rule 4 of the Federal Rules Governing § 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases. After a thorough review of the Petition and exhibits, this action will be dismissed pursuant to Rules 4 and 1(b).

1

## Procedural Background

Barnes was convicted of first degree murder in October 2010 and sentenced to serve 45 years in the Illinois Department of Corrections. *See Barnes v. Hutchinson,* No. 16-cv-00798 (S.D. Ill. 2016) (Doc. 29 discussing Barnes's case history). After filing numerous claims in state court seeking relief from his conviction, he filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in July 2016. *Id.* His Petition was dismissed with prejudice as untimely under 28 U.S.C. § 2244(d)(1) and the Court declined to issue a certificate of appealability. *Id.* at Docs. 29 and 34.

Barnes then filed four separate appeals with the Seventh Circuit Court of Appeals pertaining to the dismissal of his habeas action, all of which have been dismissed. *See Barnes v. Lashbrook,* No. 17-2326 (7th Cir. Nov. 16, 2017); *Barnes v. Lashbrook*, No. 17-2370 (7th Cir. July 18, 2017); *Barnes v. Lashbrook*, No. 18-1014 (7th Cir. Jan. 8, 2018); *Barnes v. Lashbrook*, No. 18-1700 (7th Cir. Nov. 15, 2018). In 2018, he also filed what this Court construed as a Petition for a Writ of Mandamus. In the Petition, he asked the Court to compel another district court judge and/or the Seventh Circuit Court of Appeals to find that his previously dismissed Habeas Petition is timely and/or to enjoin the same from dismissing the Petition. *Barnes v. Warden,* No. 18-cv-02117 (S.D. Ill. 2018). That Petition was dismissed for lack of jurisdiction. *Id.* at Doc. 5.

On February 8, 2019, Barnes filed a grievance at Menard Correctional Center asserting that: (1) he did not intentionally discharge the gun and cause the death for which he was convicted; (2) the results of a gunshot residue collection kit administered to Barnes were "negative, not suitable for comparison, nor positive identification"; and (3) IDOC violated various state statutes by entering into a mittimus contract with the State of Illinois to secure custody of him. (Doc. 1,

pp. 23- 27). The grievance was ultimately denied by the Administrative Review Board on the basis the request was outside of IDOC's jurisdiction. (Doc. 1, pp. 4, 22).

## Discussion

A person who is held in custody based on some authority other than a state court judgment, such as pre-conviction custody, may utilize the general habeas corpus provision under 28 U.S.C. § 2241. However, a state prisoner seeking relief from a state conviction must proceed under § 2254, which "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." *Heck v. Humphrey,* 512 U.S. 477, 481 (1994); *see also Walker v. O'Brien,* 216 F.3d 626, 633 (7th Cir. 2000) ("[T]he requirements of § 2254 must be met by all state prisoners filing petitions for writs of habeas corpus after conviction.").

Barnes' Petition is difficult to decipher because of incoherent sentences and numerous citations to case law, federal and state statutes, and state administrative law. That said, he appears to raise the following points: (1) because he is claiming actual innocence, he can bring his habeas petition after the one year statute of limitations of § 2244(d)(1); (2) he has been in custody unlawfully for voluntary acts that are not a crime under federal law; (3) in light of new evidence—the Illinois State Police laboratory report containing the results from the gunshot residue collection kit, which was not presented at his criminal trial—it is more likely than not that no reasonable juror would have found him guilty of murder in the first degree; and (4) because of the facts and evidence presented in the administrative grievance, the State of Illinois and IDOC are aware of his innocence and have been unlawfully keeping him in custody in breach of the mittimus contract and in violation of federal law. (*See generally* Doc. 1).

Barnes has brought his Petition, which ultimately seeks relief from his state criminal conviction, under 28 U.S.C. § 2241, rather than § 2254. Therefore, his case will be dismissed on that basis. In a section of his Petition entitled "Ground for Relief," Barnes seems to argue that he is not challenging the validity of his conviction pursuant to a state court's judgment, but the validity of the terms and conditions of the mittimus issued April 8, 2011, and the denial of his grievance. (Doc. 1, pp. 7-9, 13-14). To support his argument, he cites to *Jacobs v. McCaughtry,* 251 F.3d 596 (7th Cir. 2001), in which the Seventh Circuit Court of Appeals affirmed that individuals in state custody for "some other reason" other than "pursuant to a judgment by a state court" must seek habeas relief under § 2241 and not § 2254. *Id.* at 597 (quoting *Walker,* 216 F.3d at 633).

Barnes claims unlawful custody because of the mittimus contract and denial of his grievance, but these arguments are flawed. First, the "mittimus is not the source of authority for confining the petitioner[; it] is only an abstract of the judgment." *U.S. ex rel. Jackson v. Ragen,* 150 F.2d 190, 191 (7th Cir. 1945)(citations omitted). It is the judgment that "is the authority for confining the petitioner." *Id.* Moreover, Barnes remains in custody pursuant to a state judgment, not because the Administrative Review Board denied his grievance seeking immediate release. (*See* Doc. 1, p. 23).

Additionally, Barnes previously attempted to seek permission from the Seventh Circuit Court of Appeals in 2016 to file a petition under § 2241. *Barnes v. Lashbrook,* No. 18-1014 (7th Cir. Jan. 8, 2018). The Seventh Circuit advised him that because he was "challenging a state conviction, § 2241 relief is categorically unavailable to [him]: the exclusive vehicle for challenging his conviction is § 2254 petition." *Id.* (citing *Walker,* 216 F.3d at 633).

The Court will not automatically re-characterize a § 2241 petition as being made pursuant to § 2254 because that statute contains a strict limit on the number of § 2254 petitions an inmate

4

may file. Re-characterizing the Petition may make it significantly more difficult for a litigant to file another motion. *See Castro v. United States*, 540 U.S. 375, 382-83 (2003). If Barnes wishes to proceed with his request for relief, he must do so by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. However, because Barnes previously brought a habeas petition under § 2254 that was dismissed with prejudice (*Barnes v. Hutchinson,* No. 16-cv-00798 (S.D. Ill. 2016)), he must obtain permission from the United States Court of Appeals, Seventh Circuit, before he may bring a second or successive § 2254 petition. 28 U.S.C. § 2244(b). Exhaustion of all available state court remedies is also required. *See* 28 U.S.C. § 2254(b)(1). Exhaustion in a habeas case requires presentation to the state courts, not the relevant state agency or correctional facility where Petitioner is incarcerated.

## Disposition

**IT IS HEREBY ORDERED** that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 is **DISMISSED** without prejudice to Petitioner seeking leave from the appellate court to bring his claims in a second/successive § 2254 petition. All pending motions are **DENIED AS MOOT**.

Should Petitioner desire to appeal this Court's ruling dismissing his petition for a writ of habeas corpus, he must first secure a certificate of appealability, either from this Court or from the Court of Appeals. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1); *see also Evans v. Circuit Court of Cook Cnty.*, 569 F.3d 665, 666 (7th Cir. 2009) (state prisoner who seeks habeas relief under § 2241 must obtain a certificate of appealability when his detention arose from a process issued by a state court)

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must issue or deny a certificate of appealability "when it enters a final

order adverse to the applicant." *Id.* This petition has been dismissed without prejudice because petitioner failed to invoke the proper statute (§ 2254), and has the opportunity to seek permission from the appellate court to bring his claims in a second/successive § 2254 petition. Except in special circumstances, a dismissal without prejudice is not a final appealable order, so a certificate of appealability is not required. *See Moore v. Mote*, 368 F.3d 754, 755 (7th Cir. 2004). However, because this action was brought under the wrong statute, the Court finds that this matter presents special circumstances and this dismissal Order should be final and appealable.

Further, pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A petitioner need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but a petitioner must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id.* at 338 (citation omitted). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. FED. R. APP. P. 22(b)(1)-(3).

Here, it is clear that Petitioner's habeas action should properly have been brought pursuant to § 2254, not § 2241. Additionally, no reasonable jurist would find it debatable whether this Court's ruling that § 2241 is unavailable to Petitioner was correct. Accordingly, a certificate of appealability shall **NOT** be issued.

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for

leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

**IT IS SO ORDERED.**

**DATED: 8/22/2019**

                                            *s/Staci M. Yandle*
                                          **STACI M. YANDLE**
                                          **United States District Judge**